**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eleno Colin FELICIANO, aka Eleno
Colin, aka Dustin Colin aka Victor
Colin, Defendant–Appellant.**

No. 09–50025.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Michael J. Raphael, Esquire, Assistant U.S., Mark A. Williams, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gia Kim, Esquire, Deputy Federal Public Defender, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Eleno Colin Feliciano appeals from the 64–month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Feliciano contends that his mid-range Guidelines sentence is substantively unreasonable because: (1) the district court overstated the seriousness of the offense, (2) the district court ignored mitigating personal information and focused on recidivism, and (3) the 64–month sentence is greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C § 3553.

The record reflects that the district court properly weighed and considered the section 3553 factors. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc). Under the circumstances of this case, the district court did not abuse its discretion in imposing a mid-range Guidelines sentence, and the sentence is not substantively unreasonable. *Id.* at 993–94; *United States v. Ringgold*, 571 F.3d 948, 953 (9th Cir.2009) (upholding the district court's sentence and determination that appellant's prior imprisonment "has not made a significant impact upon him").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.